Filing # 145254171 E-Filed 03/08/2022 09:54:02 AM

IN THE COUNTY COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

PEDRO DEMOREJON,

**Plaintiff,**

v.

TRUEACCORD CORP,

**Defendant.**

_____/

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Pedro Demorejon ("Plaintiff") sues Defendant TrueAccord Corp ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Broward County, Florida.

3. The amount in controversy is greater than $8,000 but not to exceed $15,000.00 exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6. Defendant is a/an Delaware corporation, with its principal place of business located in Lenexa, Kansas.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

9. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, , and Plaintiff (the "Subject Service").

10. The Subject Service was primarily for personal, family, or household purposes.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15. Defendant's "Consumer Collection Agency" license number is CCA9903295.

PAGE | 2 of 6

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

17. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

18. For example, Defendant does not maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

19. Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

20. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

21. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

22. On February 07, 2022, Defendant e-mailed Plaintiff in an attempt to collect the Consumer Debt (the "Collection Email").

23. During and in response to the Collection E-mail, Plaintiff e-mailed Defendant back telling Defendant to "stop contacting" Plaintiff.

24. On February 18, 2022, after Plaintiff had explicitly told Defendant to "stop contacting" Plaintiff, Defendant e-mailed Plaintiff in an attempt to collect the Consumer Debt (the "Second Collection Email").

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692d

25. Plaintiff incorporates by reference ¶¶ 8-24 of this Complaint.

PAGE | 3 of 6

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

26. Section 1692d of the FDCPA provides that, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

27. The Bureau of Consumer Financial Protection the administrative agency authorized to exercise its authorities under Federal consumer financial law to administer, enforce, and otherwise implement the provisions of Federal consumer financial law. *See* 12 U.S.C. § 5512; 15 U.S.C. § 1692l(d); *see also* 12 C.F.R. § 1006.1(a).

28. On November 30, 2020, the CFPB issued their final rule to revise Regulation F ("Reg F") of which contains, among other things, the CFPB's most recent interpretation of the FDCPA. Reg F addresses, among other things, communications in connection with debt collection and prohibitions on harassment or abuse, false or misleading representations, and unfair practices in debt collection. *See generally* 85 FR 76734.

29. With respect to the purpose of Reg F, it is stated "[Reg F] carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. 12 C.F.R. § 1006.1 (b)

30. Pursuant to § 1006.14(a) of Reg F, "[a] debt collector must not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including, but not limited to, the conduct described in paragraphs (b) through (h) of this section." *See* 12 C.F.R. § 1006.14(a).

31. Section 1006.14(h) provides that, "[i]n connection with the collection of any debt, a debt collector must not communicate or attempt to communicate with a person through a medium

of communication if the person has requested that the debt collector not use that medium to communicate with the person." 12 C.F.R. § 1006.14(h)(1).

32. Within the CFPB's final rule with respect to the revision of Reg F, *see generally* 85 FR 76734, the CFPB stated, in relevant part, that:

> As part of this final rule, however, the Bureau also is finalizing § 1006.14(h)(1), which prohibits a debt collector from communicating or attempting to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person. **Therefore, even if a consumer does not notify a debt collector in writing that the consumer refuses to pay a debt or wishes the debt collector to cease further communication with the consumer as required under § 1006.6(c)(1), the consumer's oral request that the debt collector "stop calling," for example, would constitute a request that the debt collector not use that medium of communication (*e.g.*, telephone calls) to communicate with the consumer, and, consistent with § 1006.14(h)(1), the debt collector would thereafter be prohibited from placing telephone calls to the consumer.**

85 FR 76734, 76772 (emphasis added).

33. Here, Plaintiff explicitly told Defendant to "stop contacting" Plaintiff on February 07, 2022, *via* e-mail. Despite Plaintiff telling Defendant to "stop contacting" Plaintiff, Defendant e-mailed Plaintiff on February 18, 2022, in an attempt to collect the Consumer Debt.

34. Under § 1006.14(h)(1) of Reg F, e-mailing a consumer in an attempt to collect a debt after the consumer has asked that the debt collector "stop contacting" the consumer *via* e-mail violates § 1692d of the FDCPA as "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *See* 15 U.S.C. § 1692h; 12 C.F.R. § 1006.14(h)(1); *see also* 85 FR 76734, 76772.

PAGE | 5 of 6

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

35. Thus, by and through the Second Collection Email, Defendant violated § 1692h of the FDCPA because Plaintiff had previously told Defendant *via* e-mail to "stop contacting" Plaintiff.

36. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: [1]statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: March 8, 2022

Respectfully Submitted,

/s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | 6 of 6

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com