IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 0:22-cv-60686-MGC

PEDRO DEMOREJON,

    Plaintiff,

v.

TRUEACCORD CORP,

    Defendant.
_____/

## ANSWER TO COMPLAINT

Defendant TrueAccord Corp., by and through its undersigned counsel, answers Plaintiff Pedro Demorejon's Complaint as follows:

### JURISDICTION AND VENUE

1. Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant denies the allegations in Paragraph 4 of the Complaint.

### PARTIES

5. Admitted upon information and belief.

6. Admitted.

### DEMAND FOR JURY TRIAL

7. Admitted in part, denied in part. Defendant admits Plaintiff demands a trial by jury. Defendant denies the existence of triable issues of fact. To the extent triable issues of fact are found to exist, Defendant demands a trial by jury on all issues so triable.

## **FACTUAL ALLEGATIONS**

8.  Admitted in part, denied in part. Defendant admits that it began attempting to collect an account from Plaintiff. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to whether the account is a "debt" as that term is defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and thus Defendant denies these allegations.

9.  Admitted in part, denied in part. Defendant admits the underlying account arose from a transaction between Plaintiff and the original creditor. Defendant denies all remaining allegations in Paragraph 9 of the Complaint.

10. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, as such, they are denied.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Admitted in part, denied in part. Defendant admits it is a business entity that collects accounts. Defendant admits some of the accounts it collects are "debts" as that term is defined by the FDCPA. Defendant denies all accounts it collects are "debts" as that term is defined by the FDCPA. Defendant denies all remaining allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Admitted.

20. Admitted in part, denied in part. Defendant admits that at times it is a "debt collector" as that term is defined by the FDCPA. Defendant denies it always meets these statutory definitions. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to whether it is a "debt collector" with regard to Plaintiff's account, and thus Defendant denies all such allegations.

21. After reasonable investigation, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, as such, they are denied.

22. Admitted in part, denied in part. Defendant admits it e-mailed Plaintiff in an attempt to collect the underlying account. Defendant denies all remaining allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Admitted in part, denied in part. Defendant admits it caused an email to be sent to Plaintiff's email address on February 18, 2022. Defendant denies all remaining allegations in Paragraph 24 of the Complaint.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692d

25. Defendant incorporates and realleges Paragraphs 1 through 24 of this Answer as though more fully set forth herein.

26. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory text in this paragraph. Defendant denies all remaining allegations in this paragraph.

27. Admitted in part, denied in part. Defendant admits only the allegations in this paragraph that are consistent with the plain language and meaning of the statutory authority cited in this paragraph. Defendant denies all remaining allegations in this paragraph.

28. Admitted in part, denied in part. Defendant admits only the allegations in this paragraph that are consistent with the plain language and meaning of the statutory authority cited in this paragraph. Defendant denies all remaining allegations in this paragraph.

29. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory text in this paragraph. Defendant denies all remaining allegations in this paragraph.

30. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory text in this paragraph. Defendant denies all remaining allegations in this paragraph.

31. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory text in this paragraph. Defendant denies all remaining allegations in this paragraph.

32. Admitted in part, denied in part. Defendant admits only the accuracy of any properly quoted statutory text in this paragraph. Defendant denies all remaining allegations in this paragraph.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint and denies Plaintiff's entitlement to damages in any amount or any other relief requested.

WHEREFORE, Defendant TrueAccord Corporation respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

Respectfully submitted,

**MESSER STRICKLER BURNETTE, LTD.**

By:  /s/ John M. Marees II
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
MAUREEN WALSH, ESQUIRE
FL Bar No. 28179
JOSEPH E. ENDICOTT
FL Bar No. 1031915
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
mwalsh@messerstrickler.com
jendicott@messerstrickler.com
*Counsel for Defendant*

Dated: April 14, 2022

## **CERTIFICATE OF SERVICE**

I certify that on April 14, 2022, a true copy of the foregoing document was served on all unrepresented parties and counsel of record by electronic means.

**MESSER STRICKLER BURNETTE, LTD.**

By:   /s/ John M. Marees II
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES II, ESQUIRE
FL Bar No. 069879
MAUREEN WALSH, ESQUIRE
FL Bar No. 28179
JOSEPH E. ENDICOTT
FL Bar No. 1031915
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
mwalsh@messerstrickler.com
jendicott@messerstrickler.com
*Counsel for Defendant*

Dated: April 14, 2022

7